

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 7, 1970

Honorable Gene Russell
County Attorney
Burnet County
Burnet, Texas

Opinion No. M-549

Re: Filling vacancies on the board of directors of a county hospital authority created pursuant to the provisions of Article 4494r, V.C.S.

Dear Mr. Russell:

Your request for an opinion on the above subject matter poses the following question:

"Does the Commissioners' Court have the right to appoint minority members so long as the Authority exists, and does it have such a right as to majority succession at such time as the indebtedness is liquidated, or is the Court's function merely to impart existence to some or all of the directors where the Trustee and the Board have not acted?"

The composition of the board of directors of a county hospital authority created pursuant to the provisions of Article 4494r, Vernon's Civil Statutes, and the method of filling vacancies on the board of directors is provided in Section 4 of Article 4494r, which reads as follows:

"Sec. 4. (a) The Authority shall be governed by a Board of Directors consisting of not less than seven (7) nor more than eleven (11) members to be determined at the time of creating the Authority. Except as hereinafter in this Section provided, the first Directors shall be appointed by the Governing Body of the County, and they shall serve until their successors are appointed as hereinafter provided. When the Authority issues its revenue bonds the resolution authorizing the issuance of the bonds or the Trust Indenture securing them may prescribe the method of selecting

-2617-

and the term of office of a majority of the members of the Board. The remaining members of the Board shall be appointed by the Governing Body of the County. The Trust Indenture may also provide that, in event of default as defined in the Trust Indenture, the Trustee may appoint all of the Directors, in which event the terms of the Directors then in office shall automatically terminate. Unless and until provision is made in the Bond Resolution or Indenture in connection with the issuance of bonds for the appointment by other means of part of the Directors, all of the Directors shall be appointed by the Governing Body of the County for terms not to exceed three (3) years, but the terms of Directors appointed prior to the issuance of the first issue of revenue bonds shall be subject to the exercise of the provision herein made for appointment of a majority of the members of the Board in connection with the issuance of the bonds. No officer or employee of any such County shall be eligible for appointment as a Director. Directors shall not receive compensation for services but shall be entitled to reimbursement of their expenses incurred in performing such service.

"(b) In the event the Authority purchases from a nonprofit corporation a hospital then in existence or in process of consturction, the first members of the Board of Directors and their successors shall be determined as provided in the contract of purchase."

Your request for an opinion and the accompanying documents set forth the following facts:

On October 26, 1965, the Commissioners Court of Burnet County created the Burnet County Hospital Authority pursuant to the provisions of Article 4494r, Vernon's Civil Statutes, and provided that the Authority shall be governed by a Board of Directors consisting of seven members. The Resolution passed by the Commissioners Court appointed seven members to the Board of Directors of the Authority and provided that the Directors would serve for a term of three years unless other provisions should be made in a Bond Resolution. Five of the members of the Board of Directors of the Authority were members of the Board of Directors of Shepperd Memorial Hospital. On April 13, 1967,

the Board of Directors of Shepperd Memorial Hospital passed a Resolution authorizing the sale of Shepperd Memorial Hospital to the Authority.  On December 11, 1967, the Commissioners Court of Burnet County issued an Order amending its Order of October 26, 1965, changing the term of office of the members of the Board of Directors of the Authority to a term of two years, from October 26, 1967, and on the same date appointed the same members for a term of two years, from December 11, 1967.  On October 1, 1967, the Authority authorized the issuance of bonds and executed a Trust Indenture securing said bonds.  Subsequently on December 28, 1967, the Authority passed a Resolution stating that a majority of the Board of Directors of the Authority shall always be selected by a majority of the Directors of such Authority.

In view of the foregoing facts it is our opinion that the Board of Directors of the Burnet County Hospital Authority was organized under Subdivision (a) of Section 4 of Article 4494r, Vernon's Civil Statutes, rather than Subdivision (b), and it issued bond and executed a Trust Indenture as provided in Subdivision (a).

Section 12.06 of the Trust Indenture provided:

"In accordance with the Act, it is hereby provided that four members (being a majority) of the Board of Directors of the Authority shall be selected as herein provided.  Such four members shall be appointed for terms of two years each by a majority vote of the Board of Directors, provided that the initial terms shall be for the periods hereinafter specified.  At the first meeting of the Board of Directors following the initial authentication and delivery of the Series 1967 Bonds, said Board of Directors shall by lot determine which of their number shall be counted among said four members.  Also, at said meeting following the selection of said four members, the said four members shall by lot determine among themselves which of their number will be in Class I and which of their number shall be in Class II. Each Class shall be composed of two members. Class I shall have terms of office expiring October 26, 1968 and Class II shall have terms of office expiring October 26, 1969.  Thereafter all of such four members shall have terms of office of two years duration."

Under this factual situation it is our opinion that Subdivision (b) of Article 4494r is not applicable to the filling of vacancies on the Board of Directors of the Burnet County Hospital Authority. You are accordingly advised that vacancies are to be filled in accordance with the provisions of Subdivision (a) of Article 4494r and Section 12.06 of the Trust Indenture signed on October 1, 1967, and filed in the County Clerk's office on the 18th day of November, 1968. Therefore, the majority of the members of the Board will be appointed by the Board of Directors and the remaining members of the Board shall be appointed by the Commissioners Court of Burnet County.

## S U M M A R Y

Under the facts submitted, vacancies occurring on the Board of Directors of the Burnet County Hospital Authority shall be filled in the manner prescribed in Subdivision (a) of Section 4 of Article 4494r, Vernon's Civil Statutes, and the Trust Indenture executed and filed pursuant thereto, and a majority of the members will be appointed by the Board of Directors and the remaining members are to be appointed by the Commissioners Court of Burnet County.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Wayne Rodgers
Sam Kelley
Arthur Sandlin

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant